**MAPFRE PUERTO RICO, Plaintiff,**

v.

**Jorge L. GUADALUPE–DELGADO, et al., Defendant.**

**Civil No. 07–1750 (FAB).**

United States District Court, D. Puerto Rico.

April 20, 2009.

Ian P. Carvajal–Zarabozo, Francisco M. Viejo–Lopez, Saldana & Carvajal, P.S.C., San Juan, PR, for Plaintiff.

Guillermo De–Guzman–Vendrell, De Guzman & Gierbolini Law Office, Migdali Ramos–Rivera, Schuster & Aguilo LLP, Juan J. Martinez–Rodriguez, Calvesbert Law Offices PSC, David C. Indiano–Vicic, Seth Erbe, Indiano & Williams, PSC, Pedro E. Ruiz–Melendez, Pedro E. Ruiz Law Office, PSC, San Juan, PR, Maria B. Maldonado–Malfregeot, Morales & Maldonado Law Offices, P.S.C., Guaynabo, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

█ A district court may refer pending dispositive motions to a magistrate judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc.Civ.R. 72(a). Any party may file written objections to the Report within ten days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Id.* Failure to comply with this

rule waives each party's right to review in the district court. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). In conducting its review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## I. PROCEDURAL BACKGROUND

On October 20, 2008, Chief Magistrate Judge Justo Arenas issued a Report and Recommendation in this case, recommending that the court grant third-party defendant Donzi Marine LLC's ("Donzi") motion to dismiss for lack of jurisdiction. (Docket No. 84)

On November 5, 2008, defendant Capital Leasing Source ("Capital") filed an objection (Docket No. 85), to the magistrate judge's conclusion. Capital also asks this Court for the opportunity to conduct jurisdictional discovery based on the information found in third-party defendant Puerto Rico Nautic, Inc.'s ("PRN") and Donzi's respective Web-sites.

On November 21, 2008, Donzi filed a response to Capital's objection to the Report and Recommendation (Docket No. 86), in which it argues that Capital failed to meet the burden of proof to establish that this Court can exercise personal jurisdiction over Donzi; unnecessarily resubmitted previous arguments already considered in the Report and Recommendation; and that the jurisdictional discovery request was untimely.

## II. PERSONAL JURISDICTION

█ Personal jurisdiction involves a court's power to exercise its authority over a person or entity, so that the person or entity is subject to the court's binding judgment. *See United States v. Swiss Am. Bank, Ltd.,* 274 F.3d 610, 617 (1st Cir.2001) ("*Swiss Am. Bank, Ltd.*") General jurisdiction exists "when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *Foster–Miller, Inc. v. Babcock & Wilcox Can.,* 46 F.3d 138, 144 (1st Cir.1995) (quoting *United Elec. Workers v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088 (1st Cir.1992)) ("*Pleasant Street I*") On the other hand, specific jurisdiction refers to jurisdiction over causes of action that "arise directly out of" or "relate to" a defendant's activities within a state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

### A. GENERAL JURISDICTION STANDARD

█ The exercise of general jurisdiction "depends largely on whether a party carried on 'continuous and systematic' activities within the forum sufficient to justify requiring it to answer there to a claim unrelated to its in-forum presence." *Sandstrom v. ChemLawn Corp.,* 904 F.2d 83, 88 (1st Cir.1990) The "continuous and systematic" activities standard "depends upon whether 'the quality and nature of [the defendant's] activity' in relation to the forum ... renders such jurisdiction consistent with 'traditional notions of fair play and substantial justice.'" *Burnham v. Superior Court of Cal.,* 495 U.S. 604, 618, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316–19, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). *Int'l Shoe* outlined the constitutional limits of this standard, explaining that "single or isolated items of activities in a state ... are not enough to subject [a defendant] to suit on causes of action unconnected with the activities there." *Int'l Shoe,* 326 U.S. at 317, 66 S.Ct. 154.

The general jurisdiction analysis has two steps. First, the court must look at the defendant's contacts with the forum and determine if they are "sufficient." If there are not enough contacts, no further scrutiny is necessary. If "minimum" contacts exist, the court then examines them according to the criteria established in *Int'l Shoe. See Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 465 (1st Cir.1990).

If minimum contacts exist, the court must then analyze whether the exercise of jurisdiction is reasonable and does not offend traditional notions of "fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 320, 66 S.Ct. 154. The criteria to analyze those traditional notions, known as the "Gestalt" factors, are: "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

## B. SPECIFIC JURISDICTION STANDARD

Specific jurisdiction may be exercised if "the cause of action arises directly out of, or relates to, the defendant's forum-based contacts." *Negron–Torres v. Verizon Communs., Inc.*, 478 F.3d 19, 24 (1st Cir. 2007) (quoting *Pleasant Street I*, 960 F.2d at 1088–89).

To apply this standard,[1] "this circuit divides the constitutional analysis into three categories: relatedness, purposeful availment, and reasonableness." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 60 (1st Cir.2002).

Relatedness refers to "whether the plaintiffs' claim arises out of, or relates to, defendants' in-forum activities." *Sawtelle v. Farrell*, 70 F.3d 1381, 1389 (1st Cir. 1995) (citing *Ticketmaster–New York, Inc. v. Alioto*, 26 F.3d 201, 206 (1st Cir.1994)). It "focuses on the nexus between the defendant's contacts and the plaintiff's cause of action." *Id.* at 206. *See also Adelson v. Hananel*, 510 F.3d 43, 49 (1st Cir.2007).

The purposeful availment test "focuses on the defendant's intentionality." *Swiss Am. Bank, Ltd.*, 274 F.3d at 623. It involves two requirements: voluntariness and foreseeability. Voluntariness requires that the defendant's contacts "proximately result from actions by the defendant himself." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir.2008) (cert. denied, —— U.S. ——, 129 S.Ct. 999, 173 L.Ed.2d 298 (2009)) (quoting *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174). Therefore, they cannot be based "on the unilateral actions of another party or a third person," *Nowak v. Tak How Invs.*, 94 F.3d 708, 716 (1st Cir.1996) To establish foreseeability, "the contacts also must be of a nature that the defendant could 'reasonably anticipate being haled into court there.' " *Id.*

Reasonableness relates to "the fairness of subjecting a nonresident to the authority of a foreign tribunal." *Ticketmaster–New York*, 26 F.3d at 209 (quoting *Pleasant Street I*, 960 F.2d at 1088). The parameters to assess reasonableness are the Gestalt factors mentioned previously. *See Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174; *World–Wide Volkswagen Corp.*, 444 U.S. at 292, 100 S.Ct. 559.

---

**1.** Because Puerto Rico's long-arm statute is coextensive with the limits allowed by the United States' Constitution, the discussion may be focused solely on the constitutional analysis regarding the due process clause. *See Hannon v. Beard*, 524 F.3d 275, 280 (1st Cir.2008), *cert. denied*, —— U.S. ——, 129 S.Ct. 726, 172 L.Ed.2d 726.

## C. *PRIMA FACIE* STANDARD

■ When a defendant presents a motion to dismiss for lack of personal jurisdiction, and there is no jurisdictional discovery hearing, courts generally use the *prima facie* standard, where the plaintiff "must make the showing as to every fact required to satisfy 'both the forum's long-arm statute and the due process clause.'" *Boit v. Gar–Tec Products*, 967 F.2d 671, 675 (1st Cir.1992) (quoting *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir.1990)).

■ When a court applies the *prima facie* method, "the inquiry is whether the plaintiff has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." *Phillips*, 530 F.3d at 26 (quoting *Daynard*, 290 F.3d at 51). Once a plaintiff presents his or her case with the proper evidence and supporting materials, the court then "draw[s] the facts from the pleadings and the parties' supplementary filings, including affidavits, taking facts affirmatively alleged by plaintiff as true and construing disputed facts in the light most hospitable to plaintiff." *Ticketmaster–N.Y.*, 26 F.3d at 203. If the allegations are not affirmatively supported, the court is not required to "credit conclusory allegations or draw farfetched inferences." *Id.*

## D. PERSONAL JURISDICTION AND INTERNET EVIDENCE

This case does not address the nature and scope of Internet transactions between PRN and Donzi, or Donzi and residents of Puerto Rico; neither were alleged. There is no need, therefore, to go over those matters. But, because Capital bases its objection to the Report and Recommendation on the allegation that it met the required burden of proof by presenting evidence from Web-site printouts, the question is whether those printouts are sufficient evidence on their own to establish minimum contacts between Donzi and Puerto Rico.[2]

In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir.1997), the court held that it cannot constitutionally exercise personal jurisdiction over a defendant whose only contact with another forum is to maintain a Web-site. *Id.* The court also stated that an Internet advertisement alone is insufficient to establish minimum contacts without something else that indicates that the defendant directed its activities towards the forum state in a substantial way. *Id.* at 418.

More recently, in *ICP Solar Technologies, Inc. v. TAB Consulting, Inc.*, 413 F.Supp.2d 12 (D.N.H.2006), the court determined that, because the plaintiff did not establish that its sales in the forum were product of the Web-site, or that it was targeting residents of the forum, or that the defendant received any inquiries from forum residents through the Web-site, personal jurisdiction was not established *prima facie*.

In *Fairbrother v. Am. Monument Found., LLC*, 340 F.Supp.2d 1147 (D.Colo. 2004), a case followed by a district court in the First Circuit, *Situation Mgmt. Sys. v. ASP Consulting Group*, 2006 D.N.H. 92, 2006 WL 2349335 (D.N.H.2006),[3] the court

---

**2.** Not all circuit courts of appeal have had the opportunity to analyze this type of evidence regarding personal jurisdiction. An analysis of the available materials, however, reveals that the possibility of exercising personal jurisdiction constitutionally "is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Manufacturing Co. v. Zippo Dot Com*, 952 F.Supp. 1119, 1124 (W.D.Pa. 1997)

**3.** The court found that there is "no general jurisdiction where defendant had 'not deliberately used its [W]eb site to conduct commercial transactions or other activities with resi-

held that there was no general personal jurisdiction even if the defendant's Website permitted that a dealer in the plaintiff's area be located, or that orders could be placed directly from the Web-site. The plaintiff provided the court with Web-page printouts to establish that the defendant advertised products online and provided a list of its dealers. *Fairbrother*, 340 F.Supp.2d at 1155. Nonetheless, the plaintiff was unable to make a *prima facie* showing that the Web-site enabled the defendant to "establish the deliberate, continuous, and systematic activity necessary to constitute general jurisdiction." *Id.* at 1156–57.

## III. APPLICATION OF THE STANDARDS

### A. EXERCISE OF GENERAL JURISDICTION OVER DEFENDANT

■ Capital alleges that Donzi established *minimum contacts with the forum* in a continuous and systematic way because PRN serves as a dealer and agent for Donzi products, and as such, "the activities undertaken by PRN on Donzi's behalf are directly attributable to Donzi." (Docket No. 85, p. 5) Capital has not produced any case law or supporting material, however, to show that their allegations lack merit: 1) that dealers, without more, are agents for personal jurisdiction purposes; 2) that the activities undertaken by dealers, without more, are directly attributable to manufacturers or the dealers' suppliers; 3) that dealers act on behalf of the manufacturers or suppliers; or 4) which specific activities PRN undertook on behalf of Donzi.

Case law establishes that a dealership arrangement in the forum state is not enough to establish minimum contacts without something more, such as contract negotiations, business transactions, or service visits. *See U.S.S. Yachts, Inc.*, 894 F.2d at 12; *Fiske v. Sandvik Mining & Constr. USA, LLC*, 540 F.Supp.2d 250, 255 n. 2 (D.Mass.2008); *Killion v. Commonwealth Yachts & Mainship Corp.*, 421 F.Supp.2d 246, 257 (D.Mass.2006).[4] For instance, Capital did not establish with any evidence that Donzi purposefully sought a dealer in Puerto Rico to serve the market, or that negotiations existed that lead to the establishment of such a dealer.

To establish continuous and systematic minimum contacts with this forum through PRN's activities, Capital must provide evidence of specific instances and business transactions that PRN has conducted on Donzi's behalf; furthermore, these transactions must be substantial to pass due process muster. *Swiss Am. Bank, Ltd.*, 274 F.3d at 620–21; *Noonan v. Winston Co.*, 135 F.3d 85, 93 (1st Cir.1998). That type of evidence was not presented; the evidence before the court, that PRN advertises Donzi products online, as discussed previously, without something more, is not sufficient for the court to exercise personal jurisdiction over the defendant. *See, e.g., Cybersell*, 130 F.3d at 418–20. In addition, it is PRN's Web-site which contains the ads, and because Capital has not established PRN acts on its behalf, or that Donzi exercises sufficient control over PRN, the ads on PRN's Web-site cannot be attributed to the defendant. *See also Burger King Corp.*, 471 U.S. at 474, 105 S.Ct. 2174; *Hanson v. Denckla*,

---

dents of [the forum state] and, in fact, ha[d] not conducted any actual business in [the forum] as a result of the [W]eb site.'"

**4.** The Supreme Court of Puerto Rico has held that a distributor, dealer or company that

represents a product does not automatically become an "agent," even if the out-of-state company exercises a certain degree of control and supervision. *Pou v. American Motors Corp.*, 127 P.R. Dec. 810 (P.R.1991)

357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Capital alleges that general jurisdiction also exists because Donzi lists PRN as a dealer in its Web-site. Capital has not shown, however, which substantial minimum contacts exist or are derived from this listing. No evidence was proffered to establish that Donzi transacted any business in this forum in a continuous and systematic way because of the information available online. *See Situation Mgmt. Sys.*, 2006 D.N.H. 92; *Fairbrother*, 340 F.Supp.2d at 1156.

Because the plaintiff did not present evidence that would support that Donzi established substantial minimum contacts in the forum, there is no need to go further in the analysis. Thus, this Court finds there is no general personal jurisdiction over Donzi.

## B. EXERCISE OF SPECIFIC JURISDICTION OVER DEFENDANT

Capital alleges specific jurisdiction exists over Donzi for the same reasons it alleges that general jurisdiction exists: because Donzi has a dealer in Puerto Rico, PRN. To establish specific personal jurisdiction, however, the plaintiff must show that the cause of action "arises of" or "relates to" the defendant's activities within the forum. *Burger King Corp.*, 471 U.S. at 472, 105 S.Ct. 2174 (1985) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414, 104 S.Ct. 1868). To analyze specific personal jurisdiction, this court will review the evidence in light of the relatedness, purposeful availment, and reasonableness tests.

■ Capital claims the relatedness test is met because the cause of action arises from the defects of a vessel sold by PRN, Donzi's dealer. (Docket No. 85, p. 7) To meet the relatedness requirement, "the defendant's in-state conduct must form an

'important, or [at least] material, element of proof' in the plaintiff's case." *Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005) (quoting *Pleasant Street I*, 960 F.2d at 1088–89). But, Capital has not presented evidence, or even alleged, that Donzi participated in the sale of the vessel in Puerto Rico, or that Guadalupe–Delgado, the defendant who purchased it, contacted Donzi and that Donzi referred him to PRN. Thus, this court finds the relatedness prong was not met.

■ Regarding purposeful availment, Capital must show that Donzi voluntarily established contacts with the forum, making it possible to foresee that someone could bring an action against it in a court in the forum. *See Phillips*, 530 F.3d at 28; *Daynard*, 290 F.3d at 61. This means that the voluntariness requirement cannot be met if the contacts with the forum are based on the actions of a third party. *See Nowak*, 94 F.3d at 716 (citing *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. 2174)

Capital did not present evidence to show, for example, any negotiations, if any, between PRN and Donzi. Case law holds that prior negotiations, contemplated future consequences, the terms of the contract and the parties' actual course of dealing "must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." *Burger King Corp.*, 471 U.S. at 479, 105 S.Ct. 2174. Capital failed to show the court how Donzi's (not a third party's) additional conducts, such as distribution channels, service visits, or marketing efforts availed it to this forum.

Because the evidence presented does not show Donzi's intentions to serve the local market voluntarily or that Donzi foresaw being haled into court here, this court cannot conclude the purposeful availment requirement has been met.

■ Concerning the reasonableness of exercising specific jurisdiction over Donzi, because the court finds the plaintiff's showing of the first two requirements was not met, the weight on the defendant regarding the Gestalt factors is less rigorous. *Ticketmaster–New York, Inc.*, 26 F.3d at 210. Therefore, and taking into consideration the evidence on the record, the court finds: 1) that it would be a burden on the defendant to be brought to a different forum to rescind a contract in which it took no part (see Docket No. 16, p. 16); 2) that although this Court has a legitimate interest over contracts transacted in this forum, no evidence has been presented to show that Donzi was part of the purchase contract in question, or whether there were any prior or subsequent negotiations involving Donzi and Capital or Guadalupe–Delgado; 3) that because Donzi apparently was not part of the purchase agreement between Capital, Guadalupe and PRN, the purchase contract in question need not be rescinded; and 4) that Capital has not shown the court that Donzi has sufficient and substantial minimum contacts, directly related to the suit, that would grant specific jurisdiction over the defendant. *See Burger King Corp.*, 471 U.S. at 477, 105 S.Ct. 2174; *World–Wide Volkswagen Corp.*, 444 U.S. at 292, 100 S.Ct. 559. Therefore, this court finds specific personal jurisdiction is lacking as well.

## IV. JURISDICTIONAL DISCOVERY

■ District courts have ample discretion to consider or not to grant a request to conduct jurisdictional discovery. When doing so, the district court must insure that it is not abusing its discretion if it denies the discovery requested. Furthermore, [f]ailure to allege specific contacts, relevant to establishing personal jurisdiction, can be fatal to a jurisdictional discovery request. *Swiss Am. Bank, Ltd.*, 274 F.3d at 626–27.

■ Capital, in its request, alleges that limited jurisdictional discovery should be allowed because of the representations both PRN and Donzi make regarding their principal-dealer relationship. That relationship is already established and admitted by Donzi, however, making the discovery especially unnecessary because Capital does not point to specific facts "which show why jurisdiction would be found if discovery were permitted." *Id.* at 626. There is no indication in the record, for instance, of contracts, communications between Donzi and PRN, referrals from Donzi in Florida to PRN in Puerto Rico, business transactions, or how many Donzi motorboats PRN has sold and the economic benefits received. Neither does the record show that Capital diligently attempted to obtain such evidence or information from Donzi or PRN. In such a case, and after failing to establish a *prima facie* showing of either personal or specific jurisdiction, this court finds it prudent and within its discretion to deny the limited jurisdictional request. Capital has not shown it is entitled to it.

Having considered and rejected Capital's objections, and after an independent examination of the record in this case, the Court **ADOPTS** the magistrate judge's findings and recommendations as the opinion of the Court. Donzi's motion to dismiss for lack of personal jurisdiction is **GRANTED**. Capital's request to conduct jurisdictional discovery is **DENIED**.

**IT IS SO ORDERED.**